# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY MOSES,<br><br>    Petitioner,<br><br>v.<br><br>THERESA CISNEROS,[1]<br><br>    Respondent. | Case No. 1:21-cv-01260-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 10)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On September 20, 2016, Petitioner pleaded no contest in the Fresno County Superior Court to possession of a short-barreled rifle, possession of a firearm with a prior violent conviction, possession of ammunition by a prohibited person, possession of a stun gun, possession of metal knuckles, and being a felon in possession of a firearm. Petitioner also admitted to having six prior serious felony convictions within the meaning of the "Three Strikes" law and having served one prior prison term. (LDs[2] 1, 2). On November 16, 2016, Petitioner was

---

[1] Theresa Cisneros is the Warden of the Substance Abuse Treatment Facility and State Prison, Corcoran, where Petitioner is currently housed. Accordingly, Theresa Cisneros is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).
[2] "LD" refers to the documents lodged by Respondent on June October 22, 2021. (ECF No. 11).

1

sentenced to an imprisonment term of twenty-nine years to life. (LD 1). On February 23, 2018, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in the California Supreme Court. (ECF No. 10 at 2).[3] Subsequently, Petitioner filed eight state post-conviction collateral challenges related to his 2016 convictions.

On August 14, 2021,[4] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On October 19, 2021, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 10). Petitioner filed an opposition, Respondent filed a reply, and Petitioner filed an unauthorized surresponse.[5] (ECF Nos. 12–14).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

[4] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 10 at 2 n.2).

[5] In the interest of justice, the Court will consider Petitioner's arguments set forth in the unauthorized surresponse.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, as Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The time to seek review with the California Supreme Court expired on April 4, 2018, forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, April 5, 2018, and absent tolling, was set to expire on April 4, 2019. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely

3

petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely, Carey v. Saffold, 536 U.S. 214, 222 (2002), and employ the following "three-level analysis for assessing whether claims in a petition for writ of habeas have been timely filed":

> First, a claim must be presented without *substantial delay*. Second, if a petitioner raises a claim after a substantial delay, we will nevertheless consider it on its merits if the petitioner can demonstrate *good cause* for the delay. Third, we will consider the merits of a claim presented after a substantial delay without good cause if it falls under one of *four narrow exceptions*[.]

Robinson v. Lewis, 9 Cal. 5th 883, 898 (2020) (footnote and internal quotation marks omitted) (quoting In re Reno, 55 Cal. 4th 428, 460 (2012)). The following three of the four exceptions are relevant to noncapital cases:

> (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; and (3) that the petitioner was convicted or sentenced under an invalid statute.

Robinson, 9 Cal. 5th at 898 (internal quotation marks and citations omitted). Further, "[a] new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." Id. at 900.

### 1. First and Second State Habeas Petitions

The Fresno County Superior Court denied Petitioner's first state habeas petition on February 15, 2017 and denied Petitioner's second state habeas petition on November 17, 2017. (LDs 3–6). As Petitioner's first and second habeas petitions were filed and denied before the one-year limitation period commenced, Petitioner is not entitled to statutory tolling for the period during which these petitions were pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir.

1 2008) (finding that a state habeas petition filed and denied before the federal limitations period
2 began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

3     2. Third State Habeas Petition

4     On July 15, 2018, Petitioner constructively filed his third state habeas petition in the
5 Fresno County Superior Court, which denied the petition on August 24, 2018. (LDs 7, 8).
6 Respondent does not argue that this state habeas petition was improperly filed and acknowledges
7 that Petitioner is entitled to statutory tolling. (ECF No. 10 at 5). Accordingly, Petitioner is
8 entitled to statutory tolling for the forty-one-day period Petitioner's third state habeas petition
9 was pending in the Fresno County Superior Court.

10     3. Fourth State Habeas Petition

11     Petitioner constructively filed his fourth state habeas petition in the Fresno County
12 Superior Court on November 19, 2019, approximately fifteen months after his third state habeas
13 was denied. (LD 9). Although the period between a lower court denial and the filing of a new
14 petition in a higher court is generally tolled, the Ninth Circuit "employ[s] a general two-part test
15 [King test] to determine whether the period between petitions filed in the same court are tolled."
16 Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012) (citing Banjo v. Ayers, 614 F.3d 964, 968 (9th
17 Cir. 2010)).

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making proper use of state court procedures, and his application is still "pending" for tolling purposes. We thus construe the new petitions as part of the first "full round" of collateral review. We then ask whether they were ultimately denied on the merits or deemed untimely. In the former event, the time gap between the petitions is tolled; in the latter event it is not.

23 King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam) (some internal quotation marks and
24 citations omitted). With respect to the second prong of the King test, the Ninth Circuit has
25 "engage[d] in an inquiry as to whether California courts would have deemed the petition" timely
26 when the state court has "fail[ed] to explicitly decide whether a petition was untimely." Banjo,
27 614 F.3d at 970 (citing Chavis, 546 U.S. at 194, 197, 198; Saffold, 536 U.S. at 225–26). A court
28 need not determine whether a petition was a continuation of the first round or the start of a new

round if it determines that the petition was untimely under the second prong of King. Banjo, 614 F.3d at 970.

Here, Petitioner's fourth state habeas petition was untimely because it was filed almost fifteen months after his third state habeas petition was denied, and Petitioner does not provide any explanation or justification regarding the delay. See Chavis, 546 U.S. at 201 ("We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'"). Accordingly, Petitioner is not entitled to statutory tolling for the period before and during the Fresno County Superior Court's consideration of Petitioner's fourth state habeas petition. See Curiel, 830 F.3d at 868.

4. Conclusion

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. As discussed above, Petitioner's first and second state habeas petitions did not toll the limitation period. One hundred and one days elapsed between the date Petitioner's state conviction became final (April 5, 2018) and the date Petitioner filed his third state habeas petition in the Fresno County Superior Court (July 15, 2018). AEDPA's one-year clock stopped while Petitioner's third state habeas petition in the Fresno County Superior Court was pending (July 15, 2018–August 24, 2018). As discussed above, Petitioner's fourth state habeas petition was untimely, and thus, the period before and during the superior court's consideration of said petition is not tolled. Accordingly, the limitation period expired on May 15, 2019. Although Petitioner subsequently filed multiple state post-collateral challenges in 2020 and 2021, (LDs 11, 13, 15, 17), § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Based on the foregoing, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

6

circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

### D. Actual Innocence

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). However, the Supreme Court has cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (emphasis added) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

In the opposition to the motion to dismiss, Petitioner asserts that he "has raised actual Innocence." (ECF No. 12 at 3). Although unclear, Petitioner appears to contend in the opposition that "the charges were falsely made by the witness as [Petitioner] was out of state [during] the time and date of the crime." (ECF No. 12 at 2). In the surresponse, Petitioner alleges that he presented evidence during the preliminary hearing "where he disproved all aspects of the charges, and that it [was] brought [against] the petitioner falsely." (ECF No. 14 at 1). To the extent Petitioner argues that actual innocence enables him to overcome the statute of limitations, the Court finds that Petitioner cannot invoke the actual innocence gateway because Petitioner's claim of actual innocence is not based on new evidence. See Perkins, 569 U.S. at 399 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him *in the light of the new evidence*.'" (emphasis added) (quoting Schlup, 513 U.S. at 327)).

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 10, 2022**

UNITED STATES MAGISTRATE JUDGE