UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY MOSES,<br><br>            Petitioner,<br><br>   v.<br><br>THERESA CISNEROS,<br><br>            Respondent. | No. 1:21-cv-01260-DAD-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 10, 15) |

      Petitioner Sammy Moses is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 11, 2022,[1] the assigned magistrate judge issued findings and recommendations that recommended granting respondent's motion to dismiss and dismissing the petition as untimely. (Doc. No. 15.) On March 7, 2022, petitioner filed timely objections. (Doc. No. 18.)

/////

---

[1] The findings and recommendations were signed on February 10, 2022, but not docketed until February 11, 2022.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendation to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 11, 2022 (Doc. No. 15) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 10) is granted;
3. The petition for writ of habeas corpus is dismissed;
4. The Clerk of Court is directed to close the case; and

///

///

///

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 12, 2022

_____
UNITED STATES DISTRICT JUDGE